IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVEN CUPP,

       **Plaintiff,**

v.                                        Civil action no. 1:07cv161
                                                (Judge Keeley)

**WILLIAM HUTCHINGS, et al,**

       **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On November 15, 2007, the plaintiff, initiated this case by filing a Statement of Facts "In Affidavit Form." The plaintiff referenced Rule 44 of the Federal Rules of Civil Procedure and indicated that he was attesting to certain criminal acts. The case was docketed as a prisoner civil rights matter brought pursuant to 20 U.S.C. § 1331, and a Notice of Deficient pleading was issued by the Clerk's office on November 16, 2007. On January 3, 2007, an Order to Show Cause was issued because the plaintiff had not responded to the Deficency Notice. On January 15, 2008, the plaintiff sent a letter addressed "To Whom it may concern" in which he indicates that he had previously filed "what the courts said I had to do to file criminal charges and questions whether has he "to pay for justice.". This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

### II. THE STATEMENT

The statement alleges that on September 15, 2006, while he was incarcerated at FCI Beckley, the plaintiff was placed in the Special Housing United ("SHU") without any explanation. The

statement also alleges that while he was in the SHU., items of his personal property were stolen and then sold by another inmate. The statement continues that he was held un the SHU for over eight months for no reason, and that he was then shipped to FCI. Gilmer in an effort to cover everything up. The statement alleges that the conduct of officials at FCI. Beckley amounts to open and blatant criminal acts. More specifically, the statement alleges that the defendants: (1) aided an inmate in stealing and selling his personal items; (2) knowingly and willingly falsified documents and papers; and (3) aided and abetted in the cover-up of what happened at FCI Beckley. Therefore, the statement concludes by noting that the plaintiff "hereby brings criminal charges against all the persons listed above in accordance with the laws listed below."[1]

### III. ANALYSIS

As a private citizen, the plaintiff "has no judicially cognizable interest" in the criminal prosecution of another. Otero v. United States Attorney Gen., 832 F.2d 1141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Cok v. Costentino, 876 F.2d 1, 2 (1st Cir. 1988) (a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted.) Thus, this court has no authority to file criminal charges against an individual, nor can this court direct that criminal charges be filed.

### IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Within ten (10) days after being served with a copy of this recommendation, any party may file

---

[1] The plaintiff cites various sections of 18 U.S.C. § 1001 which he alleges the defendants have violated.

2

with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: February 19, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE