IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STEVEN CUPP,**

  **Plaintiff,**

 **v.**          CIVIL ACTION NO. 1:07CV161
              (Judge Keeley)

**WILLIAM HUTCHINGS, et al.,**

  **Defendants.**

## ORDER AFFIRMING REPORT AND RECOMMENDATION

On November 15, 2007, the pro se plaintiff, Steven Cupp ("Cupp"), an inmate at FCI Gilmer, filed a "Statement of Facts in Affidavit Form." Cupp referenced Fed. R. Civ. P. 44 and indicated that he was attesting to certain criminal acts by the defendants. The document was docketed as a civil rights complaint and referred to United States Magistrate Judge James E. Seibert for review and recommendation. The Clerk's office issued a Notice of Deficient Pleading on November 16, 2007 to which Cupp did not respond. Later, on January 3, 2008, Magistrate Judge Seibert issued an Order to Show Cause because Cupp had not responded to the deficiency notice. On January 15, 2008, Cupp sent a letter addressed "To Whom it may concern" in which he stated that he previously had filed "what the courts said I had to do to file criminal charges" and questioned whether he had "to pay for justice."

**CUPP v. HUTCHINGS, et al.**                                    **1:07cv161**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On February 20, 2008, Magistrate Judge Seibert issued a Report and Recommendation ("R&R") that recommended dismissal of the case with prejudice because Cupp, as a private citizen, has no "judicially cognizable interest" in the criminal prosecution of another.  On February 27, 2008, Cupp filed objections to the R&R.

In his objections, Cupp disputes the Magistrate Judge's legal conclusion that he has no judicially cognizable right to demand that criminal charges be filed against the defendants. He indicates that he never intended his document to initiate a civil case; rather, he sought to file criminal charges.  He also requests that this case be dismissed without prejudice so that he will not be precluded from filing a civil action later.

This Court reviews objections de novo but may adopt any part of the R&R to which Cupp does not object without substantive review.[1]  Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

Upon de novo review, the Court finds that Magistrate Judge Seibert correctly applied the applicable legal standard when he determined that Cupp has no judicially cognizable right to have criminal charges filed against the defendants.  The Court also does

---

[1] Cupps' failure to object to any part of the Report and Recommendation not only waives the appellate rights on that issue, but also relieves the Court of any obligation to conduct a de novo review of the issue. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

not find Cupp's argument to dismiss this case without prejudice persuasive.

On November 16, 2007, the day after Cupp filed his initial document in this case, this Court issued a "Notice of General Guidelines for Appearing Pro Se in Federal Court" and a "Notice of Deficient Pleading." Consequently, upon receipt of those documents, Cupp had notice that his original document was being interpreted by this Court as a complaint in a civil action.

Had Cupp truly not wanted to file a civil action, he had a two-month window within which to file a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A). Cupp, however, filed nothing until January 15, 2008, when, in a letter to the Clerk, he complained that this Court was not pursuing the criminal charges. He never indicated in that letter that he intended to drop the civil suit. It was not until February 26, 2008, with the knowledge of an adverse R&R, that Cupp concluded he wanted his case dismissed without prejudice. It would not serve the interests of judicial economy to allow Cupp to withdraw his action now, after an R&R has been prepared, only to allow him to re-file it later and start this entire process over again.

Consequently, this Court **ADOPTS** the R&R and **DISMISSES** this case **WITH PREJUDICE**. The Clerk is ordered to **STRIKE** this case from this Court's docket.

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> plaintiff, the defendant and all appropriate agencies.

Dated: March 5, 2008.

                                    /s/   Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE